UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE DONALD C. JEFFERY,<br><br>        Plaintif. | Case No.22-cv-05308-NC<br><br>**ORDER OF DISMISSAL**<br>Re: Dkt. No. 5 |

Plaintiff, a prisoner at the Correctional Training Facility in Soledad, California ("CTF"), sent a letter to the Court which complained of the conditions of Plaintiff's confinement. Dkt. No. 1. In an effort to protect Plaintiff's rights, the Clerk of the Court opened a new civil rights action in Plaintiff's name. *Id.* That same day, the Clerk sent Plaintiff a notice that Plaintiff needed to file a formal complaint in order to pursue this matter. Dkt. No. 2.

In response, Plaintiff filed a document entitled "motion for notification." Dkt. No. 5. In that document, Plaintiff stated that he did not intend to file an action unless the Court could preemptively waive the administrative exhaustion requirement. *See id*. If the Court could not preemptively waive the administrative exhaustion requirement, then Plaintiff wished to delay filing his action until after his administrative appeals were exhausted. *See*

*id.* ("I was not filing an action at that time *unless* given permission . . . .") (emphasis added). Plaintiff made clear that he has administrative appeals open, and that he is in the process of exhausting his administrative remedies. *See id.* (stating that if the Court does not preemptively waive the exhaustion requirement, then Plaintiff will "continue with his 602"); *see also* Dkt. No. 1 ("There are (5) 602 administrative appeals pending . . . .").

Courts may excuse a plaintiff's failure to exhaust administrative remedies if the plaintiff shows that those remedies are effectively unavailable. *See Andres v. Marshall*, 867 F.3d 1076, 1078 (9th Cir. 2017). However, the Court is unaware of any authority that would allow it to waive the exhaustion requirement before a complaint even is filed, much less before a plaintiff has made the required showing of unavailability. As Plaintiff makes clear that he intended to file a complaint only if the Court could waive exhaustion requirements beforehand, *see* Dkt No. 5, the Court will grant Plaintiff's alternative request and dismiss this matter. No filing fee will be due for this action.

The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: October 11, 2022

_____
NATHANAEL M. COUSINS
United States Magistrate Judge